Jack Atnip III, Esq., CA Bar No.: 204457
jatnip@hjlawfirm.com
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Fax: (952) 941-2337
Attorney for Defendant The Buckle, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BUCKLE, INC., a Nebraska Corporation, DEVINE CORPORATION, a California Corporation, YE-EUN, INC., a California Corporation, KRAZY KAT SPORTSWEAR, LLC, a New Jersey Limited Liability Company, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:16-cv-06106-AB-AGP<br><br><br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |

TO ALL PARTIES IN THE ABOVE-ENTITLED ACTION AND TO ALL OTHER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on November 14, 2016, 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable André Birotte, located at 312 North Spring Street, Los Angeles, California, 90012, Courtroom 4, 2nd

i

Floor, Defendant The Buckle, Inc. ("Buckle") will move this Court to dismiss all claims brought against it by Plaintiff Star Fabrics, Inc. ("Star Fabrics").

This Motion will be based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, and any further memoranda that may be submitted prior to the hearing herein and all pleadings and files in this matter.

This Motion is made following a request for L.R. 7-3 conference of counsel, which was initiated by counsel for Defendant Buckle on September 20, 2016. The parties have not yet been able to reach agreement, and accordingly Defendant files this motion.

Defendant Buckle respectfully requests that the Court dismiss with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure Plaintiff's first cause of action for Copyright Infringement under 17 U.S.C. § 101, *et seq.*, as alleged against Buckle, on the grounds that the accused products are not substantially similar to the alleged copyrighted designs.

# TABLE OF CONTENTS

I.   Introduction ............................................................................................. 1

II.  Background ............................................................................................. 2

III. Legal Standard ........................................................................................ 4

IV.  Argument ................................................................................................ 6

    A.   Star Fabrics Fails to Plead Buckle's Access to the Subject Designs with the Requisite Plausibility. ................................................................. 6

    B.   Star Fabrics' Infringement Allegations Fail for Lack of Substantial Similarity. ..................................................................................10

V.   Conclusion..............................................................................................15

# TABLE OF AUTHORITIES

**Federal Cases**

*Art Attacks Ink, L.L.C. v. MGA Enter.*,
  581 F.3d 1138 (9th Cir. 2009) .................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................. 4, 5, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 4, 5

*Capcom Co. v. The MKR Group, Inc.*,
  No. C. 08-0904 (N.D. Cal. Oct. 10, 2008) ................................................... 6

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ..................................................................... 11

*Christianson v. W. Pub. Co.*,
  149 F.2d 202 (9th Cir. 1945) .................................................................. 5, 6

*Imageline, Inc. v. CafePress.com. Inc.*,
  No. CV 10-9794 (C.D. Cal. Apr. 6, 2011) ................................................... 9

*In re MyFord Touch Consumer Litig.*,
  46 F. Supp. 3d 936 (N.D. Cal. 2014) ........................................................... 9

*Knitwaves, Inc. v. Lollytogs Ltd.*,
  71 F.3d 996 (2d Cir. 1995) ........................................................................ 10

*L.A. Printex Indus. v. Aeropostale, Inc.*,
  No. 10-56187 (9th Cir. June 13, 2012) ................................................ 10, 11

*Mindlab Media, L.L.C. v. LWRC Int'l*,
  No. CV 11-3405 (C.D. Cal. Feb. 6, 2012) ................................................... 9

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010) .......................................................................... 6

*Rosenfeld v. Twentieth Century Fox Film*,
  No. CV 07-7040 (C.D. Cal. Jan. 28, 2009) .................................................. 6

*Star Fabrics, Inc. v. Burlington Coat Factory Direct Corp.*,
 No. 16-2685 (C.D. Cal. Apr. 20, 2016) ........................................................................8

*Star Fabrics, Inc. v. DKJY, Inc.*,
 No. 2:13-cv-07293 (C.D. Cal. Jan. 9, 2014) ................................................. 1, 5, 10, 11

*Star Fabrics, Inc. v. Sears Roebuck & Co.*,
 No. 12-8397 (C.D. Cal. Apr. 4, 2013) ........................................................................8

*Three Boys Music Corp. v. Bolton*,
 212 F.3d 477 (9th Cir. 2000) ................................................................... 5, 6, 8,10

*Zella v. E.W. Scripps Co.*,
 529 F. Supp. 2d 1124 (C.D. Cal. 2007) ..................................................................... 6

**Other**

37 C.F.R. § 202.1(a) ....................................................................................................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This case arises out of Plaintiff Star Fabrics' ("Star Fabrics") claim that two of its copyrighted fabric designs have been infringed by products manufactured, distributed or sold by Defendants The Buckle, Inc. ("Buckle"), Ye-Eun, Inc. ("I.NER"), and Krazy Kat Sportwear, LLC ("Krazy Kat"). Star Fabrics is a Los Angeles-based corporation that "has amassed a collection of fabric-pattern copyrights," including, allegedly, Designs 63018 and 64893. *See Star Fabrics, Inc. v. DKJY, Inc.*, No. 13-07293, 2014 U.S. Dist. LEXIS 2775, at *1 (C.D. Cal. Jan. 9, 2014); Dkt.1, Compl. ¶¶ 15, 19. More than just an owner of copyrighted designs, Star Fabrics is also a prolific filer of copyright infringement complaints. In 2016 in this District alone, Star Fabrics has filed forty-seven complaints against retailers and fabric suppliers, twenty-two of which are ongoing cases.

Star Fabrics' claim that the Designs in this case have been infringed does not withstand objective analysis. The test for copyright infringement in the Ninth Circuit analyzes whether 1) the defendant had knowledge of the allegedly infringed Designs, and 2) whether the Designs and the accused product are substantially similar. Here, Star Fabrics fails to plausibly plead either element. Star Fabrics has provided threadbare allegations that Buckle had access to its Designs, but these allegations do not cross the line from conceivable to plausible. And a side-by-side comparison of the allegedly copyrighted Designs and accused products demonstrates that they are printed in different color palettes, and contain different layouts and combinations of discrete patterns,

revealing the Subject Designs and accused products are not substantially similar as a matter of law.

For these reasons, Buckle now moves to dismiss Star Fabrics' Complaint for failure to state a claim for which relief may be granted.

## II. Background

Star Fabrics alleges that it owns "original two-dimensional artwork" used for textile printing. Compl. ¶¶ 15, 19. At issue in this case are two Designs registered with the United States Copyright Office: Designs 63018 and 64893. *Id.* ¶¶ 15, 19.[1]

Star Fabrics claims that Buckle, I.NER, "and/or" unnamed DOE Defendants, "and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to" Design 63018, without authorization:

---

[1] Star Fabrics' Complaint previously alleged infringement by Devine Corporation and Buckle as to a third, separate design. Compl. ¶¶6, 11-14. On September 19, 2016, Star Fabrics voluntarily dismissed Devine and the allegations related to the third design.

-2-



*Id.* ¶¶ 17-18. Star Fabrics further asserts that this Design was "widely disseminated." *Id.* ¶ 16.

Star Fabrics' allegations regarding Design No. 64893 similarly claim that Buckle, Krazy Kat, and DOE Defendants, "and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to" Design 64893:



Plaintiff also alleges that Design 64893 was "widely disseminated." Compl. ¶ 20.

Star Fabrics also alleges, in blanket fashion, that "Defendants, and each of them, had access to Subject Designs [63018 and 64893]… including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs[63018 and 64893]." *Id.* ¶ 24.

### III. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 550 U.S. at 555. Though the Court must accept the factual allegations of the Complaint as true, that "tenet is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 659. Similarly, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

To plead a prima facie case for copyright infringement, a plaintiff must allege 1) ownership of the copyright, and 2) infringement of the protectable elements of the plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 1999). Absent allegations of direct copying, which are rare (and nonexistent in this case), the plaintiff in a copyright infringement action must plead both "the defendant's access to the copyrighted work and substantial similarity between the registered and accused works." *Star Fabrics, Inc. v. DKJY, Inc.*, No. 13-07293, 2014 U.S. Dist. LEXIS 2775, at *8 (C.D. Cal. Jan. 9, 2014) (stating conjunctive test for indirect infringement and granting in part and denying in part plaintiff's motion for default judgment on question of substantial similarity).

When the original work and the allegedly infringing copy are submitted with the pleadings and available for side-by-side comparison, substantial similarity can be decided on a Rule 12(b)(6) motion to dismiss. *Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and

comparison, non-infringement can be determined on a motion to dismiss."); *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 63-65 (affirming dismissal of infringement claims and noting several Circuit Courts of Appeal have "endorsed the practice of considering the question of substantial similarity on a motion to dismiss") (2d Cir. 2010); *Rosenfeld v. Twentieth Century Fox Film*, No. 07-7040, 2009 U.S. Dist. LEXIS 9305, 2009 WL 212958, at *3 (C.D. Cal. Jan. 28, 2009) (citing *Christianson* and dismissing with prejudice under Rule 12(b)(6) after finding no substantial similarity); *see also Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131, 1139 (C.D. Cal. 2007) (same); *Capcom Co. v. The MKR Group, Inc.*, No. C. 08-0904, 2008 U.S. Dist. LEXIS 83836, 2008 WL 4661479, at *11 (N.D. Cal. Oct. 10, 2008) (same).

### IV.   Argument

Buckle moves to dismiss Star Fabrics' Complaint because it fails to plausibly allege that Buckle has infringed upon the protectable elements of Star Fabric's alleged copyrighted Designs. *First*, Star Fabrics has failed to plausibly allege that Buckle had "access to the copyrighted work." *Second*, Star Fabrics has failed to allege infringement of that work.

#### A.   Star Fabrics Fails to Plausibly Plead Buckle's Access to the Subject Designs with the Requisite Plausibility.

Star Fabrics' Complaint fails to plausibly allege Buckle's access to the Subject Designs, and accordingly, Star Fabrics' infringement allegations fail. *Three Boys Music*

*Corp.*, 212 F.3d at 482. Access "may not be inferred through mere speculation or conjecture." *Three Boys Music Corp.*, 212 F.3d at 482. Rather, the plaintiff must allege that the defendant "had a reasonable opportunity to view or copy the plaintiff's work." *Id.* Without credible allegations of direct access, a plaintiff must plead that the defendant had access either through 1) "a chain of events linking the plaintiff's work and the defendant's access" or 2) "widespread dissemination" of the plaintiff's work. *Id.*; *see also Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (affirming district court's grant of summary judgment on a copyright infringement claim because no reasonable jury could have found that a design was widely disseminated).

Here, Star Fabrics takes a run at alleging both direct and indirect access, but to no avail. Plaintiff's allegation that "Defendants, and each of them" had access to Star Fabrics' "showroom and/or design library" as well as to its "strike-offs and samples," fails to specify when and under what circumstances Buckle allegedly had this access. As Plaintiff acknowledges, Buckle has its principal place of business in Nebraska, and Plaintiff's showroom and principal place of business is in California. Compl. ¶¶ 4, 5. The Complaint fails to plead whether Buckle has any relationship to Star Fabrics— at all— that would make these allegations plausible. Thus Star Fabrics fails to allege how Buckle had a "reasonable opportunity to view or copy Plaintiff's work" through any direct access. *Three Boys Music Corp.*, 212 F.3d at 482.

The Complaint's boilerplate "chain of event" allegations are equally insufficient. Star Fabrics lumps all Defendants together, asserting that "Defendants, and each of them, had access" through 1) "illegally distributed copies of the Subject Designs," and 2)

-7-

"access to garments in the marketplace." Compl. ¶ 24. Again, like the insufficient direct access allegations, none of these allegations directly link Buckle to any misconduct, nor do they provide any basis to infer that Buckle had this access. Notably, in prior infringement complaints, Star Fabrics has previously been ordered to show cause as to why more than one defendant has been joined in a single complaint under Rule 20(a) of the Federal Rules, where "there is no indication that the Defendants have acted in concert with each other or that there was any relationship between the Defendants alleged to have infringed different designs." *See Star Fabrics, Inc. v. Sears Roebuck & Co.*, No. 12-8397, 2013 U.S. Dist. LEXIS 49204, at *2-3 (C.D. Cal. Apr. 4, 2013); *see also Star Fabrics, Inc. v. Burlington Coat Factory Direct Corp.*, No. 16-2685, 2016 U.S. Dist. LEXIS 53709, at *2 (C.D. Cal. Apr. 20, 2016). Just as Star Fabrics' allegations do not satisfy Rule 20, they do not fulfill even the most basic Rule 8(a)(2) requirement. *See Iqbal*, 556 U.S. at 678 (stating that Rule 8 of the Federal Rules "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Similarly, Plaintiff's conclusory claim that the Designs were "widely disseminated," Compl. ¶¶ 16, 20, does not pass muster under *Iqbal/Twombly*. This is a legal conclusion "couched as factual allegation." *Iqbal,* 556 U.S. at 659. Plaintiff has failed to allege in which markets or streams of commerce its Designs were disseminated, to whom, and for how long. *Three Boys Music Corp.*, 212 F.3d at 482.

To the extent that Star Fabrics is claiming that Buckle's access to the Designs, and therefore liability for alleged infringement, turns on the conduct of other parties, Star Fabrics' allegations attempting to establish that connection are insufficient. Courts in this

-8-

District have routinely dismissed unsupported, blanket allegations of agency or alter-ego relationships, similar or identical to those found in the Complaint, *see* Compl. ¶ 10, because they are "legal conclusions and unsupported by any facts." *Mindlab Media, LLC v. LWRC Int'l, LLC,* 2012 U.S. Dist. LEXIS 14769, *10-12 (C.D. Cal. Feb. 6, 2012) (dismissing as conclusory an allegation that defendants were "the alter-egos, agents, servants, employees, and joint ventures [sic] of each of the other [d]efendants," and that all defendants "were acting within the course and scope of such relationship and/or agreement and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants"); *Imageline, Inc. v. CafePress.com. Inc.*, 2011 U.S. Dist. LEXIS 39828, *11-13 (C.D. Cal. Apr. 6, 2011) (dismissing agency allegations and stating that "to the extent [plaintiff's] copyright infringement claim … is based on the conduct of other parties, but attributable to [defendant], that aspect of [plaintiff's] Complaint is insufficient" because under California law, "[t]o sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent"); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 956 (N.D. Cal. 2014) (stating that post-*Twombly*, "conclusory allegations of an agency relationship are not enough").

    Accordingly, Star Fabrics' agency allegations must be dismissed, and the Court must find that the Complaint fails to allege that Buckle had a "reasonable opportunity to view or copy" Star Fabrics' work.

### B. Star Fabrics' Infringement Allegations Fail for Lack of Substantial Similarity.

Even if Plaintiff had plausibly alleged access, which it has not, the Complaint fails to state a claim for alleged infringement because the Subject Designs and allegedly infringing products are not "substantially similar." *Three Boys Music Corp.*, 212 F.3d at 485. In the Ninth Circuit, the test for substantial similarity is two-part, involving first, analysis of "extrinsic similarity" and then, if required, "intrinsic similarity." *Three Boys Music Corp.*, 212 F.3d at 485. The extrinsic test "entails an objective comparison of specific expressive elements of a design." *Star Fabrics*, 2014 U.S. Dist. LEXIS, at *9 (internal citations and quotations omitted). The intrinsic test "gauges whether the total concept and feel of the works is substantially similar' in the eyes of the ordinary, reasonable person." *Id.* (internal citation omitted). If the copyright holder has failed to plausibly allege that the infringing product is objectively similar, the Court need not apply the intrinsic infringement test. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, No. 10-56187, 2012 U.S. App. LEXIS 12033, at *23 (9th Cir. June 13, 2012).

In the context of two-dimensional design in general and textiles in particular, no entity or individual can claim copyright protection for a design's colors or geometric elements. 37 C.F.R. § 202.1(a). Only the manner of selection, coordination, and arrangement of colors, shapes, and other design elements may be eligible for copyright protection. *L.A. Printex Indus., Inc,* 2012 U.S. App. LEXIS 12033, at *23; *Star Fabrics*, 2014 U.S. Dist. LEXIS 2775, at * 8 (citing *Knitwaves, Inc. v. Lollytogs Ltd*, 71 F.3d 996, 1002 (2d Cir. 1995)). But copyright protection should not be given to "the common

-10-

heritage of humankind," and thus "ideas recurring in nature, such as flowers," are not protectable. *L.A. Printex Indus. v. Aeropostale, Inc.*, 2012 U.S. App. LEXIS 12033, at *19 (internal citations and quotations omitted).

To evaluate the claimed similarities in artwork, the Court may consider, among other elements, "the subject matter, shapes, colors, materials, and arrangement of the representations[.]" *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002). This evaluation can occur early in a case, based upon pleadings. *Christianson,* 149 F.2d at 203. Thus, in a case nearly identical to the one at bar, Star Fabrics failed to obtain a motion for default judgment on certain designs due to the objective dissimilarities between the copyrighted design and accused product:

> [A] comparison of the objective design elements reveals that there is no substantial similarity between the objective, protectable elements of the two patterns. The protected design includes yellow and gray flowers and gray and light blue circles set against a dark blue, light blue, and yellow dot-matrix background. The accused product does share these same objective elements. It features gray circles set against an orchid, light gray, and dark gray variegated background. The more muted, less-saturated colors in the accused pattern do match the striking contrasts in the protected patterns.

*Star Fabrics*, 2014 U.S. Dist. LEXIS 2775, at *13-14.

In this case, neither of the remaining Designs in Plaintiff's Complaint are "substantially similar" to the accused products. Design 63018 (Design B) consists of an irregularly repeating pattern of collaged diamonds, triangles, and fan-shapes, which themselves are composed of smaller print scale-patterns, geometric and tear-drop motifs, in a palette of white, brown, pink, and rose madder-hues. One of the embedded motifs

-11-

appears to be an abstracted human face or skull:



Subject Product B, on the other hand, consists of repeating scalloped lines, stylized palmettes, and other abstracted organic elements in contrasting but complementary colors: light teal, orange, red, brown, black, and cream. The organic motifs repeat in a scalloped pattern, but unlike Design 63018, the composition is a regular pattern, not a collage of different patterns and motifs. There are no abstracted human skulls:



Subject Product B does not share the same palette, much less the same arrangement of hues, as Design 63018, nor is its overall pattern similar. Accordingly, Star Fabrics' infringement allegations as to Design 63018 must fail.

Design 64893 (Design C) consists of alternating rows of a zig-zag pattern, set between rows of barcode stripes, and four rows of a directional, modified birds-eye pattern. The color scheme is cream, blue, green, rust, and brown:

Subject Product C is composed of rows containing 1) a trellis pattern in black, white, orange, and cobalt; 2) undulating lines in magenta, orange, cobalt, and peach and sienna; 3) irregular stripes in cream, black, light yellow, and peach; 4) a repeat bird's eye pattern in black, cobalt, peach, and light orange; and finally 5) a chain and zag pattern, set out in vibrant red, dark purple, lilac, white, yellow, and teal.




The fact that Design C and Product C are comprised of rows containing repeat

-14-

patterns is unremarkable, and not enough to establish "substantial similarity." Additionally, the fact that each contains a version of—but certainly no copy—of a common, non-protectable birds-eye pattern is not enough to plead infringement.

As neither the Designs nor the accused products are substantially similar, Star Fabrics has failed to plausibly plead its infringement claim, and therefore its Complaint against Buckle should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Buckle respectfully requests that the Court dismiss the Complaint's allegations against Buckle, with prejudice.

**HELLMUTH & JOHNSON PLLC**

DATED: September 27, 2016

By: /s/Jack Atnip III
Jack Atnip III, Esq., CA Bar No. 204457
HELLMUTH & JOHNSON PLLC
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
jatnip@hjlawfirm.com

Attorneys for Defendant The Buckle, Inc.

-15-