1 Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
2 Scott A. Burroughs (SBN 235718)
3 scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
4 hhan@donigerlawfirm.com
5 DONIGER / BURROUGHS APC
603 Rose Avenue
6 Venice, California  90291
7 Telephone: (310) 590-1820

8
Attorneys for Plaintiff
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BUCKLE, INC.; *et al*.,<br><br>Defendants. | Case No.: 16-cv-6106-AB (AGPx)<br><u>*Hon. Andre Birotte Jr. Presiding*</u><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS THE BUCKLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**<br><br>Date: December 12, 2016<br>Time: 10:00 a.m.<br>Courtroom: 4 – 2nd Floor |

- i -

## I.     Introduction

Plaintiff Star Fabrics, Inc. ("Star" or "Plaintiff") has properly pleaded its claims for copyright infringement by alleging (1) that Star owns the copyrighted works and copyright registrations for each of them, (2) widespread dissemination of those works, and (3) copying of protectable expression, including a visual comparison between the Subject Designs and the designs on the infringing garments to allege substantial similarity. Because Star has met its burden of alleging facts sufficient to create a prima facie case for copyright infringement, Defendants' motion must be denied.

## II.    Statement of Facts

In its Complaint, Star alleged that it owned a valid copyright and copyright registration in Designs "63018" and "64893" (collectively, the Subject Designs). (Complaint ¶¶ 15 & 19). Star has sold hundreds of thousands of yards of fabric bearing the Subject Designs since they were created. (Complaint ¶¶ 16 & 20). Star further alleged that Defendants The Buckle, Inc. ("Buckle"), Ye-Un, Inc. ("I.NER"), and Krazy Kat Sportswear, LLC ("Krazy Kat") (collectively, "Defendants") infringed on its copyright in the Subject Designs by producing and selling garments that bore facsimiles of the Subject Designs (the "Infringing Garments"). (Complaint ¶¶ 17 & 21). Star alleged many of the specific instances and elements of the Subject Designs that were replicated in the designs appearing on the Infringing Garments.

Defendants attack the Complaint for perceived deficiencies; however, Plaintiff need not affirmatively disprove any conceivable defense.  It need only plead allegations within the Comaplint sufficient to create a prima facie case of copyright infringement – which it has done.

///

- 1 –
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### III. Legal Standard for a Motion to Dismiss for Failure to State a Claim

Motions to dismiss for failure to state a claim are disfavored and rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). To survive such a motion, a complaint must contain merely a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting Fed. R. Civ. P. § 8(a)(2)). Detailed factual allegations are not required. *Id.* In deciding a motion to dismiss, all material allegations of the complaint are taken as true and all reasonable inferences are drawn in Plaintiff's favor. *Cahill*, 80 F.3d at 338. "In ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (*e.g.,* those facts presented in briefs, affidavits, or discovery materials). *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007).

To make a prima facie case for copyright infringement, a plaintiff need allege: (1) ownership of the allegedly infringed material and (2) that the defendants copied said material. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990). Contrary to Defendants' erroneously stated and wholly unsourced standard, Plaintiff does not need to plead that "defendant had knowledge of the allegedly infringed Designs." Docket No. 16, p. 1.

Because Star alleges that it owns both copyrights and copyright registrations in both the 63018 Design and the 64893 Design, that Star's sale of hundreds of thousands of yards of fabric bearing the Subject Designs into the marketplace establish Defendants' access, and that the design on the Infringing Garment and the Subject Designs are substantially similar, Defendants' motion lacks foundation and must be denied.

### IV. Star specifically pleads that it owns valid, registered copyrights in both the 63018 and 64893 Designs.

To assert its ownership over the Subject Designs, Star asserts in its FAC that it owns copyrights to both the 63018 Design and the 64893 Design. Star further references the registration number attributable to both designs and describes how the designs are related as derivative works.

To properly plead its claim, a copyright plaintiff must allege ownership of the allegedly infringed material (*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)) and that the copyright has been registered or applied to be registered. 17 U.S.C. §411(a); *see also Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1025 (N.D. Cal. 2003) (a plaintiff must merely "allege" registration).

Here, Star alleges that it owns Design "63018" and has registered that design with the United States Copyright Office. (Complaint ¶ 15). Star further alleges that it owns Design "64893" and has also registered that design with the United States Copyright Office. (Complaint ¶ 19). Given that Star's Complaint contains multiple, specific instances alleging its ownership of the infringed designs in this case and that those designs have been registered with the United States Copyright Office, Star has satisfied its minimal burden of alleging ownership and registration of the copyrighted designs.

### V. The Complaint contains allegations of Defendants' access through the Designs' widespread dissemination into the market, as well as allegations and photographs establishing that the Defendants' designs are strikingly similar to Subject Designs.

Star alleges that Defendants had access to the Subject Designs and that the design appearing on the Infringing Garment is so similar as to be identical to the

Subject Designs. Therefore, Star has alleged sufficient facts that, when taken as true, constitute the elements of a prima facie case of copyright infringement.

### A. The Complaint allegation that Star widely disseminated its Designs in the fashion and apparel industries is sufficient to establish Defendants' access.

Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981). An opportunity to view or copy may be established by evidence that "the plaintiff's work has been widely disseminated." *Three Boys Music Corp.*, 212 F.3d at 482.[1] Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated. *Art Attacks Ink, LLC v. MGA Enter. Inc.,* 581 F.3d 1138, 1143 (9th Cir. 2009).

Furthermore, because the truth concerning a defendant's obtainment of, or access to, the offending design is exclusively within its knowledge and records, a copyright plaintiff cannot be expected to plead those facts at the start of a case. *Campbell v. U.S.*, 365 U.S. 85, 81 S.Ct. 421 (1961) (litigant does not have burden of proof of establishing facts peculiarly within knowledge of adversary); *U.S. v. New York, N.H. & H.R. Co.*, 355 U.S. 253, 256, 78 S.Ct. 212, 214, 2 L.Ed.2d 247 (1957) (fairness dictates that litigant does not bear burden of establishing facts primarily within knowledge of opposing party); *G.E.J. Corporation v. Uranium Aire, Inc.*, 311 F.2d 749, 751 (9th Cir. 1962), citing Wigmore, Evidence § 749, at

---

[1] "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through deals with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." *Three Boys Music*, 212 F.3d at 482.

467, and 3A Corbin, Contracts § 749, at 467 (1960) (although burden usually lies with party asserting claim, burden is shifted if opposing party has sole access to evidence that would prove claim); *Johnson v. City of New York*, 756 N.Y.S. 2d 67 (N.Y.A.D. 2 Dept. 2003) ("It is generally inappropriate to place the burden of proof on a party in the case where the facts governing the resolution of the controversy are within the exclusive knowledge of the opposing party").

At this early stage in the litigation, Star has had absolutely no opportunity to conduct discovery to obtain evidence of how Defendants actually accessed the Subject Designs. So owing, Star cannot (yet) assert a direct chain of events between Star's designs and Defendants' access.[2]

However, Star can allege (and has alleged) that it "widely disseminated" and "sampled and sold fabric bearing [the Subject Designs] … to numerous parties in the fashion and apparel industries." (Complaint ¶¶ 16 & 20). These allegations, which must be taken as true on a motion to dismiss, are sufficient to demonstrate a reasonable opportunity to copy. Indeed, the Ninth Circuit recently held that a plaintiff's distribution of just over 50,000 yards of fabric bearing the allegedly infringed artwork was sufficient to raise a question of fact as to widespread dissemination. *LA Printex Industries, Inc. v. Aeropostale, Inc.* 676 F.3d 841, 847-848 (9th Cir. 2012).

**B. Access may also be presumed based on the striking similarity of the offending garment and Star's work.**

Even without Plaintiff's widepsread dissemination allegations this motion must be denied because the operative complaint fairly asserts striking similarity in satisfaction of the pleading standard for access. The Ninth Circuit employs a

---

[2] However, given the striking similarity between the Subject Designs and the design appearing on the Infringing Garments, one surely exists and will be uncovered through discovery.

sliding scale approach to access and substantial similarity such that if two designs are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Three Boys Music*, 212 F.3d at 485 (in the absence of any proof of access, "a copyright plaintiff can still make out a case of infringement by showing that the songs were 'strikingly similar'"), *citing Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996) and *Baxter v. MCA, Inc*., 812 F.2d 421, 423 (9th Cir. 1987) (access may be inferred from "striking similarity"), *cert. denied*, 484 U.S. 954 (1987); *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir. 1984) (a striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created).

Star specifically alleges that the Defendants' designs are "identical." (Complaint ¶¶ 17 & 21), and includes photographs of Subject Designs and the respective Infringing Garments showing that striking similarity (notwithstanding the different scale of the images, which can easily be rectified if this Court thinks it necessary). Star further addresses the issue of striking similarity in its analysis of substantial similarity *infra*. As such, Star's allegations concerning widespread dissemination, the availability of its designs through its showroom and distributed samples, and the virtual identicality of the designs is sufficient to please access. Therefore, this motion should be denied.

### C. The Compalint alleges that the Infringing Garment contains specific elements that are substantially similar (if not virtually identical) to the protectable elements on the Subject Designs.

As Star alleges that Defendants sold garments bearing a substantially similar designs, the Complaint sufficiently alleges substantial similarity.

"To determine whether two works are substantially similar, the Ninth Circuit applies a two-part test consisting of extrinsic and intrinsic components. The

extrinsic test is an objective comparison of the two works. The Court must consider whether [the works] share a similarity of ideas and expression as measured by external, objective criteria." *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (internal citations omitted). Additionally, the Ninth Circuit's opinion in *L.A. Printex Indus., Inc. v. Aeropostale, Inc.* held that the plaintiff's "original selection, coordination, and arrangement of elements is protectable." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 850 (9th Cir. 2012).

In this case, the analysis of the designs is the same as the Ninth Circuit used in *L.A. Printex*. Given the virtually infinite ways to render geometric elements in these designs, it is particularly noteworthy in this case that the designs appearing on the Infringing Garment are *exact* replicas of the Subject Designs. As shown below, Subject Design 63018 and the design appearing on the Infringing Garment are the same:

| Subject Design 63018 | Design on Infringing Garment |
|---|---|
|  |  |

- 7 –

The above image of the Subject Designs and the Infringing Garment show exactly how similar the individual elements are to each other. The leaf shape at the top of the design contains exact same pattern of branching petals. Below, a white chevron passes over a single circle with a dot in its center, sprouting from a black mound. Underneath is a wavy line with multiple spikes branching out on either side. Notably, the arrangement and numbe of spikes is identical in both designs. Finally, there are a small spade with a flower or sprout-like element directly in its center. Quite simply, the images are the same in regards to each element found therein.

Rather than searching for an "abstracted human face or skull," Defendants should have focused on the fact that all of the primary elements of their infringing garment were taken on a near one-for-one basis from Plaitniff's Subject Design 63018. Defendants' arguments regarding the color palettes are nothing but an attempt to further distract from the identical nature of the designs.

Similarly, Subject Design 64893 and the design appearing on the Infringing Garment are the same:

<u>Subject Design 64893</u>     <u>Design on Infringing Garment</u>




These images depict two identically arranged Aztec patterns. Both consist of several horizontal lines, followed by identical chevrons made of zig-zagging lines that meet to form triangles in the apex of each chevron. Underneath, both designs feature a series of badge-shapes, some of which feature an hourglass element in the center. Finally, in both designs, the elements each exhibit the same patterns, positioning, spacing in relation to the other elements, and length in both images. For example, with the aforementioned badge-shapes, every other line uses diamonds to space out each badge. This layout is identical on both designs. Looking at the totality of each design, it is clear that the design appearing on the Infringing Garment is a near-exact facsimile of Subject Design 64893.

In sum, the "original selection, coordination, and arrangement" of the elements in both of Star's designs are copied exactly on the Infringing Garments. Such a flagrant facsimile of each individual element and arrangement of elements leads to no other conclusion than that the designs "are so strikingly similar as to preclude the possibility of independent creation." So owing, Defendants' motion to dismiss must fail.

## VI. **If necessary, Star can certainly amend its Complaint**

While certain that this Court will find Defendant's motion completely lacking in merit, Plaintiff asserts that it is certainly able to amend its pealing to address any perceived deficiency should this Court deem it necessary.

Federal Rule of Civil Procedure 15(a) (2) states that "the Court should freely give leave [to amend] when justice so requires." "Dismissal without leave to amend is improper unless it is clear … that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). The Ninth Circuit has held that Courts must apply this policy with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Plaitnif is certainly able to add additional allegations regarding its ownership of the design at issue, its registration of that design, Buckle's access to that design, and the copying by Buckle of protectable expression. As such, Star respectfully requests leave to amend in the event the Court finds the Complaint deficient in any way.

### VII. Conclusion

Star's Complaint is not subject to dismissal under Fed. R. Civ. P. 12(b)(6). Star alleges facts with regard to each element of the claims contained therein. So owing, Defendants' motion to dismiss should be denied.

Dated: November 21, 2016   By:   s/ Stephen M. Doniger
                                  Stephen M. Doniger, Esq.
                                  Howard S. Han, Esq.
                                  DONIGER / BURROUGHS
                                  Attorneys for Plaintiff
                                  STAR FABRICS, INC.