Jack Atnip III, Esq., CA Bar No.: 204457
jatnip@hjlawfirm.com
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Fax: (952) 941-2337
Attorney for Defendant The Buckle, Inc.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE BUCKLE, INC., a Nebraska Corporation, DEVINE CORPORATION, a California Corporation, YE-EUN, INC., a California Corporation, KRAZY KAT SPORTSWEAR, LLC, a New Jersey Limited Liability Company, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:16-cv-06106-AB-AGP<br><u>Hon. André Birotte Jr. Presiding</u><br><br>**DEFENDANT THE BUCKLE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Date: December 12, 2016<br>Time: 10:00 a.m.<br>Courtroom: 4 – 2nd Floor |

**I.  INTRODUCTION.**

Defendant The Buckle, Inc. ("Buckle") moves to dismiss Plaintiff Star Fabrics, Inc.'s ("Star Fabrics") Complaint on two grounds: *first*, because Star Fabrics failed to allege that Buckle had a reasonable opportunity to view or copy the Designs, and *second*,

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1

because a side-by-side comparison of the allegedly infringing products and Subject Designs reveals no similarity.

Star Fabrics devotes a full page of its eleven-page opposition to Star Fabrics' ownership of registered Designs, which Buckle does not contest for the purposes of this Motion. As discussed herein, however, these allegations undermine Star Fabrics' claim that without an opportunity to conduct discovery, it cannot plausibly allege Buckle's access to the Subject Designs. Star Fabrics' ownership and control of its Designs contradicts its claim that it cannot know whether Buckle had access to these Designs. Allegations of access are an indisputable threshold for any copyright infringement claim. Because Star Fabrics has failed to plausibly plead access, on this basis alone its Complaint must be dismissed.

Star Fabrics engages in further pleading legerdemain by countering Buckle's side-by-side demonstration of no substantial similarity by using vastly re-scaled and exaggerated reproductions of the images from its own Complaint. As discussed below, even if the Court could consider these new reproductions at the pleading stage (which it cannot), this is the equivalent of lifting a clause from a novel and claiming infringement by another because the exact clause appears in the allegedly infringing novel. Because it fails to allege substantial similarity, Star Fabrics' Complaint must be dismissed with prejudice.

## II. STAR FABRICS FAILS TO PLAUSIBLY ALLEGE BUCKLE'S ACCESS TO THE SUBJECT DESIGNS.

To plead a prima facie case for copyright infringement, a plaintiff must allege that a defendant had "a reasonable opportunity to view or copy the plaintiff's work," either through direct or indirect access. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Access "may not be inferred through mere speculation or conjecture." *Id*. Star Fabrics concedes that it failed to plead direct access. And, despite the fact that Star Fabrics claims it is the owner of the allegedly copyrighted Designs and thus controls who has access to its Designs and fabrics, Star Fabrics claims it cannot plausibly plead indirect access. On this basis alone, the Complaint must be dismissed.

Where, as here, the plaintiff fails to plead direct access, the Complaint must plead that the defendant had access either through 1) "a chain of events linking the plaintiff's work and the defendant's access" or 2) "widespread dissemination" of the plaintiff's work. *Id.*; *see also Art Attacks Ink, LLC v. MGA Enter. Inc*., 581 F.3d 1138, 1145 (9th Cir. 2009) (affirming district court's grant of summary judgment on a copyright infringement claim because no reasonable jury could have found that a design was widely disseminated). Star Fabric concedes that it has not plausibly alleged Buckle's access to the Subject Designs under either the "chain of event" or agency theories. Def. Br. at 4-5.

Nor has it plausibly plead Buckle's access to the Subject Designs with its threadbare, conclusory allegations of "widespread dissemination." *See* Def. Br. at 4-5;

Compl. ¶¶ 16, 20. Star Fabrics alleges it has "sampled and sold fabric" to "numerous parties" –but those allegations do not remotely establish that it has "sampled and sold fabric" to Buckle, or any of the other co-defendants. Def. Br. at 5. Similarly, Plaintiff's boilerplate claim that the Designs were "widely disseminated," Compl. ¶¶ 16, 20, is exactly the kind of allegation that the Rule 8 forbids, because this is a legal conclusion "couched as factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 642, 659 (2009). Plaintiff has failed to allege in which markets or streams of commerce its Designs were disseminated, to whom, and for how long. *Three Boys Music Corp.*, 212 F.3d at 482.

Notably, Star Fabrics cannot distinguish the Complaint in this case from those this District Court has found wanting for lack of specificity, and therefore plausibility. *See Star Fabrics, Inc. v. Sears Roebuck & Co.*, No. 12-8397, 2013 U.S. Dist. LEXIS 49204, at *2-3 (C.D. Cal. Apr. 4, 2013); *see also Star Fabrics, Inc. v. Burlington Coat Factory Direct Corp.*, No. 16-2685, 2016 U.S. Dist. LEXIS 53709, at *2 (C.D. Cal. Apr. 20, 2016). Additionally, Star Fabrics has failed to address, much less distinguish, the case law Buckle cites holding that unsupported, blanket allegations of agency or alter-ego relationships, similar or identical to those found in the Complaint, cannot pass muster under the Rule 8 standard, because they are "legal conclusions and unsupported by any facts." *Mindlab Media, LLC v. LWRC Int'l, LLC,* 2012 U.S. Dist. LEXIS 14769, *10-12 (C.D. Cal. Feb. 6, 2012) (dismissing as conclusory an allegation that defendants were "the alter-egos, agents, servants, employees, and joint ventures [sic] of each of the other

[d]efendants," and that all defendants "were acting within the course and scope of such relationship and/or agreement and with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants").[1]

Thus Star Fabrics Complaint must be dismissed, and the Court must find that the Complaint fails to allege that Buckle had a "reasonable opportunity to view or copy" Star Fabrics' work.

### III. STAR FABRICS' INFRINGEMENT ALLEGATIONS FAIL FOR LACK OF SUBSTANTIAL SIMILARITY.

Although the Court may dismiss the Complaint because Star Fabrics has failed to plead Buckle's access, the Complaint likewise fails to state a claim for alleged infringement because the Subject Designs and allegedly infringing products are not "substantially similar." *Three Boys Music Corp.*, 212 F.3d at 485. Because Star Fabrics failed to plead any access, "it cannot enjoy the fruits of the 'inverse ratio rule,' which 'requires a lower standard of proof of substantial similarity when a high degree of access is shown." *L.A. Printex Indus. v. Lia Lee, Inc.*, No. 08-1836, 2009 U.S. Dist. LEXIS 28477, at *1 (C.D. Cal. Mar. 23, 2009) (internal citations omitted).

---

[1] *See also Imageline, Inc. v. CafePress.com. Inc.*, 2011 U.S. Dist. LEXIS 39828, *11-13 (C.D. Cal. Apr. 6, 2011) (dismissing agency allegations and stating that "to the extent [plaintiff's copyright infringement claim …is based on the conduct of other parties, but attributable to [defendant], that aspect of [plaintiff's] Complaint is insufficient" because under California law, "[t]o sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent"); *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 956 (N.D. Cal. 2014) (stating that post-*Twombly*, "conclusory allegations of an agency relationship are not enough")

Buckle demonstrated lack of substantial similarity as a matter of law in its opening brief, by comparing the reproductions in Star Fabrics' Complaint with the allegedly infringing products. To rebut this showing, Star Fabrics abandons the reproductions in its own Complaint, and then re-scales portions of those reproductions and places entirely new images in its brief. Not only is this impermissible under Rule 8, this is the equivalent of excerpting a clause from a novel's sentence and claiming infringement by another work. *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 822-25 (9th Cir. 2002) (failing to find triable issues of substantial similarity between illustrated children's books where comparison of works as a whole did not reveal infringement and comparison of individual illustrations also did not establish triable fact issues as to all illustrations) (internal citations and quotations omitted).

As Buckle demonstrated, the Designs reproduced in the Complaint bear no resemblance to the products depicted in the Complaint. The re-scaled reproductions only affirm that the overall appearance of the fabrics would not meet the test for substantial similarity. The question before the Court is not whether, in isolation, portions of the Designs and products are similar; the question is whether "total concept and feel" they are strikingly similar. *See Cavalier*, 297 F.3d at 822 (9th Cir. 2002) (setting forth test) (internal citations and quotations omitted).

Additionally, Star Fabrics does not contest it cannot claim copyright protection for the colors or geometric elements in its Designs. *See* 37 C.F.R. § 202.1(a). Only the

manner of selection, coordination, and arrangement of colors, shapes, and other design elements may be eligible for copyright protection. *L.A. Printex Indus., Inc,* 2012 U.S. App. LEXIS 12033, at *23; *Star Fabrics*, 2014 U.S. Dist. LEXIS 2775, at * 8 (citing *Knitwaves, Inc. v. Lollytogs Ltd*, 71 F.3d 996, 1002 (2d Cir. 1995)). Copyright protection is not given to "the common heritage of humankind[.]" *L.A. Printex Indus.*, 2012 U.S. App. LEXIS 12033, at *19 (internal citations and quotations omitted).

Accordingly, the "Aztec" design embodied in Subject Design 64893 (Design C in the Complaint) is not protectable as a matter of law, because Aztec designs have been in common use for thousands of years, and exist in the public domain. And, while Plaintiff claims that the arguments about color palettes "distract from the [allegedly] identical nature of the designs," color is indeed relevant to the analysis. *See Cavalier*, 297 F.3d at 826 (emphasis added) (stating that for artwork, the Court should evaluate "the subject matter, shapes, *colors*, materials, and arrangement of the representations" (emphasis added)).

With respect to Subject Design 63018 (Design B), Star Fabrics cannot establish identity by re-scaling both the Design (nearly a thousand-fold) and comparing the re-scaled Design with a sliver of the allegedly infringing product. Subject Product B does not share the same palette, much less the same arrangement of hues, as Subject Design 63018, nor is its overall pattern similar. Star Fabrics has thus failed to plead that Subject Design 63018 is either extrinsically or intrinsically similar to Subject Product B. *See Star*

*Fabrics*, 2014 U.S. Dist. LEXIS 2775, at *9 (internal citations and quotations omitted). Star Fabrics' infringement allegations as to Design 63018 also fail, and the Complaint must be dismissed in its entirety.

### IV.  LEAVE TO AMEND WOULD BE FUTILE.

In a final concession that its Complaint fails to plausibly allege Buckle's infringement, Star Fabrics requests leave to amend under Rule 15. "Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, as demonstrated in Buckle's Motion, although Star Fabrics knows full well which entities (including parties named as co-defendants) have had access to its Designs, it has altogether failed to plead how Buckle has had access to these Designs, and raises no facts in its opposition demonstrating access. Without plausible allegations of access, Star Fabrics will never be able to state a claim.

### V.  CONCLUSION.

The Court should for the foregoing reasons, dismiss Plaintiff's Complaint with prejudice.

Case 2:16-cv-06106-AB-AGR   Document 27   Filed 11/28/16   Page 9 of 9   Page ID #:99

|  |  |
|---|---|
| DATED: November 28, 2016 | **HELLMUTH & JOHNSON PLLC**<br><br>By: /s/Jack Atnip III<br>Jack Atnip III, Esq., CA Bar No. 204457<br>Anne T. Regan, Esq. MN Bar No. 0333852<br>*CA Pro Hac Vice Pending*<br>Jonathan D. Jay, Esq., MN Bar No. 018603X<br>*CA Pro Hac Vice Pending*<br>HELLMUTH & JOHNSON PLLC<br>8050 West 78th Street<br>Edina, MN 55439<br>Telephone:  (952) 941-4005<br>jatnip@hjlawfirm.com<br>aregan@hjlawfirm.com<br>jjay@hjlawfirm.com<br><br>Attorneys for Defendant The Buckle, Inc. |

REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS