1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11

STAR FABRICS, INC.,

Case No.  CV 16-06106 AB (AGRx)

Plaintiff,

12

**ORDER GRANTING MOTION TO DISMISS**

13

v.

14

THE BUCKLE, INC. et al.,

15

Defendants.

16
17
18

Before the Court is Defendant The Buckle, Inc.'s ("Defendant") Motion to

19

Dismiss.  (Dkt. No. 16.)  Plaintiff Star Fabrics, Inc. ("Plaintiff") filed an Opposition

20

and Defendant filed a Reply.  The Court heard oral argument on February 6, 2017.

21

For the following reasons, the Court **GRANTS** the Motion.

22

### I.  PLAINTIFF'S COMPLAINT

23

Plaintiff claims that it owns copyrighted fabric designs that products

24

manufactured, distributed, or sold by Defendant[1] infringe upon.  Compl. ¶¶ 15-22.

25

Defendant moves to dismiss on the ground that Plaintiff fails to allege facts that would

26

establish copying.

27
28

[1] The Complaint names additional defendants, but they have all been dismissed; The Buckle, Inc., is the only remaining defendant.

## II. LEGAL STANDARD

Fed. R. Civ. Proc. 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Fed. R. Civ. Proc. 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6).

To satisfy Rule 8, the complaint must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

## III. DISCUSSION

To state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. Inc.*, 499 U.S. 340, 361 (1991). Absent direct evidence of copying, the plaintiff can establish copying "by showing that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.' " *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (citation omitted). Here, Plaintiff seeks to establish copying by showing access and substantial similarity. Defendant argues that the Complaint lacks facts sufficient to establish access, and that their products are not

1   substantially similar to Plaintiff's designs.

2   **A. Plaintiff Has Not Pled Access.**

3   Defendant argues that the Complaint does not plead facts sufficient to show

4   access.  A plaintiff can demonstrate access by showing that the defendant had direct

5   access, that is, "an opportunity to view or to copy plaintiff's work."  *Kamar Int'l, Inc.*

6   *v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981) (citation omitted).  "Where

7   there is no direct evidence of access, circumstantial evidence can be used to prove

8   access either by (1) establishing a chain of events linking the plaintiff's work and the

9   defendant's access, or (2) showing that the plaintiff's work has been widely

10  disseminated."  *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th

11  Cir. 2009).   Where either of these showings cannot be made, "a copyright plaintiff

12  can still make out a case of infringement by showing that the [works are] 'strikingly

13  similar.'"  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000)

14  (citation omitted).

15  Here, Plaintiff alleges that Defendant had access because Plaintiff "widely

16  disseminated" fabric bearing the designs "to numerous parties in the fashion and

17  apparel industries."  *See* Compl. ¶¶ 16, 20.  However, this is too conclusory to

18  establish access.  For example, the Complaint does not quantify how much fabric

19  Plaintiff disseminated, so there are no facts to back up the characterization that it was

20  disseminated *widely*; Plaintiff simply asks the Court to accept its characterization.

21  This is not enough.  Indeed, while Plaintiff cites a case that held that 50,000 yards of

22  fabric is enough to support access through wide dissemination, *see L.A. Printex*

23  *Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 847 (9th Cir. 2012) (so holding),

24  Plaintiff does not allege any similar quantifying facts.[2]

25

26  ─────────────────────

27  [2]  At oral argument, Plaintiff's counsel suggested that this ruling would impose a more
    stringent pleading requirement than *Twombly*.  The Court disagrees.  The Complaint
    pleads only conclusions going to access, it pleads no facts, making it insufficient
28  under *Twombly*.

1    Plaintiff also claims that access may be presumed by the striking similarity of

2 the allegedly infringing products to Plaintiff's design.  *See* Compl. ¶¶ 17, 21.

3 However, as discussed below, the images included in the Complaint are insufficient to

4 allege substantial similarity, let alone striking similarity.

5    The Court will therefore grant the motion on the ground that Plaintiff has not

6 pled access.

7    **B. Plaintiff Has Not Pled Substantial Similarity.**

8    Defendant also argues that its products are not substantially similar to Plaintiff's

9 designs, and urges the Court to resolve that question at the pleading stage.  *See Zella*

10 *v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1130 (C.D. Cal. 2007) (citing numerous

11 cases resolving substantial similarity on a motion to dismiss if when the copyrighted

12 work and the allegedly infringing product are before the court).

13    The Ninth Circuit uses a two-part analysis consisting of an extrinsic test and an

14 intrinsic test to determine whether two works are substantially similar.  The "extrinsic

15 test" is an objective comparison of specific expressive elements focusing on

16 "articulable similarities."  *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042,

17 1045 (9th Cir. 1994) (quotation marks and citation omitted).   A court applying the

18 extrinsic test "must take care to inquire only whether 'the *protectible elements,*

19 *standing alone*, are substantially similar.' "  *Williams v. Crichton*, 84 F.3d 581, 588 (2d

20 Cir. 1996) (emphasis in original) (citation omitted); *accord Apple Computer, Inc. v.*

21 *Microsoft Corp.*, 35 F.3d 1435, 1442-43 (9th Cir. 1994).

22    The "intrinsic test" is a subjective comparison that focuses on "whether the

23 ordinary, reasonable audience" would find the works substantially similar in the "total

24 concept and feel of the works."  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 824

25 (9th Cir.  2002).  "[T]he intrinsic test's subjective inquiry must be left to the jury."  *Id.*

26 While "familiar symbols or designs" are not copyrightable, 37 C.F.R. § 202.1(a),  "the

27 subject matter, shapes, colors, materials, and arrangement of the representations may

28 be considered in determining objective similarity in appearance."  *Cavalier*, 297 F.3d

1    at 826.

2       Here, the Complaint includes side-by-side color images of Plaintiff's two

3    designs and Defendant's two allegedly infringing products.  *See* below, from Compl.

4    pp. 5, 6.  From these images, it is difficult to discern what protectable elements are

5    allegedly similar.  The elements of design B are too minute to readily discern and

6    compare them to the allegedly infringing product B, the design of which is in a larger

7    scale.  It is similarly difficult to compare design C and product C.

8

9    ***Images from Complaint:***

10           <u>Plaintiff's Design B</u>             <u>Defendant's Product B</u>

 

20           <u>Plaintiff's Design C</u>            <u>Defendant's Product C</u>

 

28

5.

1    However, in its opposition brief, Plaintiff included color images of apparently

2    highly zoomed-in segments of both designs and products.  *See* below, images from

3    Opp'n (Dkt. No. 25), pp. 7, 8.

4

5    ***Images from Opposition:***

6    <u>Plaintiff's Design B (zoomed in)</u>          <u>Defendant's Product B (zoomed in)</u>

  

18    <u>Plaintiff's Design C (zoomed in)</u>          <u>Defendant's Product C (zoomed in)</u>

  

In its opposition, Plaintiff does not explain the level of zoom it took to draw focus to these segments or show where these segments came from the full-size images. At oral argument, counsel demonstrated where the zoomed-in segments came from. However, the segments were not included in the Complaint, nor was Plaintiff's explanation. If Plaintiff's argument is that there is substantial (or striking) similarity between its designs and Defendant's products, the images demonstrating that should be included in the Complaint. The images currently in the Complaint do not demonstrate this. Plaintiff's counsel suggests that because the large-scale images in the Complaint necessarily include the zoomed-in images, then the zoomed-in portions are in the Complaint. The Court rejects this argument. Finding the small-scale similarities in the Complaint's large-scale images is like playing "Where's Waldo?" – technically the similar segments are there, but actually seeing them is difficult at best. The practical solution is for Plaintiff to amend its Complaint – something counsel admitted he could do.

To be clear, the Court is not finding that the need to zoom in on the images means there is no substantial similarity between Plaintiff's designs and Defendant's products. Rather, the alleged similarities are not reasonably perceptible from the large-scale images included in the Complaint – an assessment reinforced by Defendant's decision to include zoomed images in the opposition  –  so the Complaint should be amended to include the zoomed-in images.

In sum, if Plaintiff wishes to rely on the zoomed-in images to show it has pled either substantial similarity or striking similarity, it must amend its Complaint to include them. At this stage, the Court does not find that such an amendment would be futile; for now, it suffices to say that, based on the zoomed-in images in the opposition, there are correspondences between Plaintiff's designs and Defendant's products.

Defendant argues that Plaintiff's focus on isolated portions of the design and products to find a similarity does not show that in "total concept and feel" they are

7.

1  strikingly similar.  However, it appears from *Cavalier* that the "total concept and feel"

2  question lies within the intrinsic test, which it states is a question for the jury.

3  Accordingly, this Court will not apply the intrinsic test to resolve this motion to

4  dismiss.

5        For the foregoing reasons, the Court finds that Plaintiff has not sufficiently pled

6  substantial similarity or striking similarity.  The Court will grant the motion on this

7  basis, with leave to amend.

8  **IV.   CONCLUSION**

9        For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

10  Plaintiff could have (and should have) mooted the motion by amending the

11  Complaint.

12        Plaintiff may file an amended complaint within twenty-one (21) days of the

13  issuance of this order.

14        **The Court urges the parties to continue their efforts to settle this matter.**

15        **IT IS SO ORDERED.**

16

17  Dated:  February 13, 2017   _____

18        HONORABLE ANDRÉ BIROTTE JR.
         UNITED STATES DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28